UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY JUNE BROGAN,

                        Plaintiff,

-v-

TARGET CORPORATION and JOHN DOE, first and last name being fictitious and unknown,

                        Defendants.

CIVIL ACTION NO.: 22 Civ. 6414 (PGG) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On May 15, 2023, the Court granted the request of counsel for Plaintiff Kelly June Brogan ("Ms. Brogan") to withdraw as Ms. Brogan's counsel. (ECF No. 20 ¶ 1). The Court stayed this action for 45 days to allow Ms. Brogan to retain new counsel and directed new counsel to file a notice of appearance by June 29, 2023. (Id. ¶¶ 2–3). On July 31, 2023, no new counsel having appeared, the Court held a telephone status conference with the parties, stayed this action for a further 30 days, and directed new counsel to file a notice of appearance by August 31, 2023. (ECF No. 25). On September 5, 2023, Defendant filed a letter stating that, on August 31, 2023, Ms. Brogan contacted Defendant's counsel to request a one-week extension of time to retain new counsel. (ECF No. 27). On September 6, 2023, the Court stayed this action for a further seven days, directed new counsel to file a notice of appearance by September 8, 2023, and directed the parties to file a joint letter proposing a schedule for any remaining discovery by September 14, 2023. (ECF No. 28). On September 14, 2023, Defendant filed a letter stating that Ms. Brogan advised Defendant's counsel that "her new counsel was not communicating with her." (ECF No. 30 at 1). Defendant's counsel requested the new attorney's contact information but

received no response from Ms. Brogan.  (Id.)  Defendant requests that Ms. Brogan's Complaint be dismissed for failure to prosecute (the "Request").  (Id.)

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action sua sponte for failure to prosecute after notifying the plaintiff.  See Murray v. Smythe, 18 Civ. No. 4705 (KMK), 2020 WL 4482644, at *2 (S.D.N.Y. Aug. 3, 2020) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).  The Court must consider the duration of the plaintiff's failure to comply with court orders, whether he received notice that further delay would result in dismissal, defendants' prejudice from further delay, the efficacy of lesser sanctions, and the balance between "alleviat[ing] court calendar congestion" and protecting the plaintiff's right to due process.  Caussade v. United States, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (quoting Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009)).  "'There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal,' but '[d]elays of several months' have been found sufficient."  Farion v. Ezzo, 19 Civ. 5477 (LJL), 2020 WL 5578294, at *1 (SDNY Sept. 17, 2020) (quoting Caussade v. United States, 293 F.R.D. 625, 629 (S.D.N.Y. 2013)).

Considering these factors, the Court finds that dismissal is not warranted at this time.  Although Ms. Brogan has not retained new counsel despite several Court directives over the past four months to do so, it appears from Defendant's letters that she has at least attempted to do so.  (See ECF Nos. 27; 30).  Accordingly, the Court orders as follows:

1. Defendant's Request is DENIED.

2. The Court will afford Ms. Broga one final opportunity to retain new counsel.  This action is STAYED for a further fourteen (14) days, and by **September 29, 2023**,

      Ms. Brogan's new counsel shall file a notice of appearance.  If new counsel does not appear by that date, Ms. Brogan shall notify the Court whether she intends to proceed pro se in this action and, if so, provide a current address.

3. By **October 6, 2023**, the parties shall file a joint letter proposing a schedule for any remaining discovery.

Ms. Brogan is reminded again of her responsibility to maintain a current address with the Court, and that failure to do so is grounds for dismissal for failure to prosecute, "because the case cannot proceed without such information." Cabrera v. Brann, No. 21 Civ. 780 (JMF), 2021 WL 1549818, at *1 (S.D.N.Y. Apr. 20, 2021) (citation and alteration omitted).

Ms. Brogan is also reminded of her ability to seek free legal advice from the New York Legal Assistance Group's legal clinic for pro se litigants, by visiting its website at nylag.org/pro-se-clinic/ or by calling (212) 659-6190.  This clinic is not part of or run by the Court and it cannot accept filings on behalf of the Court.

Defendant shall promptly serve a copy of this Order on Ms. Brogan, and file proof of service on the docket.

Dated:    New York, New York
          September 15, 2023                    SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**