UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY JUNE BROGAN,

                Plaintiff,

- against -

TARGET CORPORATION and JOHN DOE (first and last name being fictitious and unknown),

                Defendants.

**ORDER**

22 Civ. 6414 (PGG) (SLC)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Kelly June Brogan alleges that she was struck by a shopping cart full of merchandise while at a Target store. She brings a negligence claim against the store's operator, Defendant Target Corporation ("Target"), and against an unknown Target employee. (Notice of Removal, Ex. A ("Cmplt.") (Dkt. No. 1-1))

## BACKGROUND

        The Complaint was filed in Supreme Court of the State of New York, Bronx County, on April 29, 2022. (Id. at 7) On July 28, 2022, Target removed the case to this District. (Notice of Removal (Dkt. No. 1))

        On November 2, 2022, this Court referred the case to Magistrate Judge Sarah L. Cave for general pretrial supervision. (Dkt. No. 13) On November 3, 2022, Judge Cave entered a case management plan, and the parties began discovery. (Dkt. No. 15)

        On May 12, 2023, Brogan's counsel, Michael Mahan, moved to withdraw. (Dkt. No. 19) Mahan explained that "there ha[d] been a fundamental[] and irreparable breakdown of any attorney client relationship," and that Brogan had communicated to his office that "she ha[d]

a planned meeting with another attorney . . . to discuss retaining him." (Id. at 1) Judge Cave granted Mahan's withdrawal motion on May 15, 2023, and stayed the case for forty-five days to allow Brogan to retain new counsel. (Dkt. No. 20) Judge Cave directed Brogan's new counsel to file a notice of appearance by June 29, 2023. (Id.)

New counsel did not appear for Brogan. Accordingly, on July 6, 2023, Target requested a telephone conference to determine whether Plaintiff would be proceeding pro se and to request that the stay be lifted. (July 6, 2023 Def. Ltr. (Dkt. No. 22))

At a July 31, 2023 status conference, Brogan requested a thirty-day extension of the stay to allow her to retain new counsel. (Dkt. No. 25) Judge Cave granted Brogan's request, and directed that new counsel file a notice of appearance by August 31, 2023. (Id.) Judge Cave reminded Brogan "of her responsibility to maintain a current address with the court, and that failure to do so is grounds for dismissal for failure to prosecute." Judge Cave also informed Brogan that "free legal advice [was available] from the New York Legal Assistance Group's legal clinic for pro se litigants." (Id.)

In a September 5, 2023 letter, Defendant Target stated that Plaintiff had contacted Defendant and requested a one-week extension to the deadline, which Defendant consented to. (Sept. 5, 2023 Def. Ltr. (Dkt. No. 37)) In a September 6, 2023 order, Judge Cave extended the stay by another seven days. (Dkt. No. 28) In that order, Judge Cave reminded Plaintiff of her responsibility to maintain a current address and of the availability of free legal advice from the New York Legal Assistance Group. (Id.)

New counsel did not appear on behalf of Brogan. Accordingly, in a September 14, 2023 letter, Target requested that this action be dismissed for failure to prosecute. (Sept. 14, 2023 Def. Ltr. (Dkt. No. 30)) In the letter, Target reported that Brogan had "stated that her new

2

counsel was not communicating with her," but when Target requested the new attorney's contact information, "[n]o response was provided." (Id.)

Judge Cave denied Target's request, stating that "[a]lthough Ms. Brogan has not retained new counsel despite several Court directives over the past four months to do so, it appears from Defendant's letters that she has at least attempted to do so." (Dkt. No. 31) at 2) Judge Cave "afford[ed] Ms. Broga[n] one <u>final</u> opportunity to retain new counsel," and stayed the action for another fourteen days. (Id.) Judge Cave directed that by September 29, 2023, Brogan's new counsel would file a notice of appearance or Brogan would notify the Court as to whether she intended to proceed <u>pro se</u>. (Id. at 2-3) Judge Cave then repeated her previous warning regarding maintaining a current address and her reminder that Plaintiff could seek free legal advice from the New York Legal Assistance Group. (Id. at 3)

Brogan did not respond in any fashion to Judge Cave's order. Accordingly, on October 5, 2023, Target once again requested that the Court dismiss Brogan's action for failure to prosecute. (Oct. 5, 2023 Def. Ltr. (Dkt. No. 33))

In an October 10, 2023 order, Judge Cave ordered Brogan to show cause by October 24, 2023 why her case should not be dismissed for failure to prosecute. (Show Cause Order (Dkt. No. 34) at 3) Judge Cave warned that "failure to comply with the Order will result in a recommendation that [Brogan's] Complaint be dismissed for failure to prosecute." (Id. at 3 (emphasis omitted)) The following day, Defendant filed proof that it had emailed the Show Cause Order to Plaintiff Brogan. (Dkt. No. 35)

In an October 26, 2023 letter, Target notified "the Court that no filing has been made in response to the Order to Show Cause." (Oct. 26, 2023 Def. Ltr. (Dkt. No. 36))

3

## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In a November 2, 2023 Report and Recommendation ("R&R"), Judge Cave recommends that this Court dismiss Brogan's action without prejudice for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (R&R (Dkt. No. 37))

Judge Cave begins her analysis by setting forth the factors that a court must weigh in deciding whether to grant a motion for failure to prosecute under Fed. R. Civ. P. 41(b):

> Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action sua sponte for failure to prosecute after notifying the plaintiff. See Murray v. Smythe, 18 Civ. 4705 (KMK), 2020 WL 4482644, at *2 (S.D.N.Y. Aug. 3, 2020) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)). The Court must consider the duration of the plaintiff's failure to comply with court orders, whether he received notice that further delay would result in dismissal, defendants' prejudice from further delay, the efficacy of lesser sanctions, and the balance between "alleviat[ing] court calendar congestion" and protecting the plaintiff's right to due process. Caussade v. United States, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (quoting Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009)). "'There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal,' but '[d]elays of several months' have been found sufficient." Farion v. Ezzo, 19 Civ. 5477 (LJL), 2020 WL 5578294, at *1 (SDNY Sept. 17, 2020) (quoting Caussade v. United States, 293 F.R.D. 625, 629 (S.D.N.Y. 2013)). "District courts in this Circuit have recognized that 'the failure to maintain [a current address] with the Court is a ground for failure to prosecute' because '[t]he case cannot proceed' without such information." Cabrera v. Brann, No. 21 Civ. 780 (JMF), 2021 WL 1549818, at *1 (S.D.N.Y. Apr. 20, 2021) (quoting Pratt v. Behari, No. 11 Civ. 6167 (JGK), 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012)); see Campbell v. New York City, No. 19 Civ. 5431 (JMF), 2020 WL 469313, at *1 (S.D.N.Y. Jan. 29, 2020) ("In light of the Court's inability to proceed without updated contact information for Plaintiff, dismissal of the case is warranted.").

(Id. at 4-5)

In concluding "that dismissal of this case is warranted" (id. at 5), Judge Cave cited the following facts:

> Brogan has been advised multiple times of her obligation to prosecute her case and to maintain a current address with the Court, and that failure to do so may result in dismissal of h[er] case. . . . Despite these warnings, however, Ms. Brogan has not provided the Court with her current address since the Court granted the

> Withdrawal Motion on May 15, 2023. . . . Indeed, since appearing at the July conference, Ms. Brogan has not communicated with the Court at all.

(Id.) Judge Cave directed Defendant to "promptly serve a copy of this Report and Recommendation on Ms. Brogan, and file proof of service on the docket by November 3, 2023." (Id. (emphasis omitted))  The R&R further states that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections," and that a failure to file objections within fourteen days will result in a waiver of objections and preclusion of appellate review.  (Id. at 6)  Defendant filed proof of service of the R&R later that day.  (Dkt. No. 38)

## DISCUSSION

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)).  A decision is "clearly erroneous" where, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

Where, as here, no party filed objections to the R&R – despite clear warning that a failure to file timely objections would result in a waiver of judicial review (see R&R (Dkt. No. 166) at 2) – judicial review has been waived.  See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir.

2000) ("[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object.") (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

This Court has reviewed Judge Cave's R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Cave's R&R (Dkt. No. 37) is adopted in its entirety, and the Complaint is dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute.

The Clerk of Court is directed to close this case.

Dated: New York, New York  
      May 23, 2024

SO ORDERED.

_____  
Paul G. Gardephe  
United States District Judge